CHARLES McCLALLAN *vs.* COTTON SMITH & others.

A mechanic's lien under Rev. Sts. c. 117, is lost if the contract is subsequently modified and the alteration is not recorded, or if the petition to enforce it is not brought within six months from the time the last instalment according to the original contract becomes due and payable.

PETITION to enforce a mechanic's lien under Rev. Sts. *c.* 117, § 4, dated June 15th, 1852. Josiah Pomeroy, one of the respondents, was defaulted, and Cotton Smith and Lorenzo N. Granger, the other respondents, submitted the case upon an agreed statement of facts, as follows : The petitioner, by a contract in writing, dated May 30th, 1845, duly recorded, agreed with Josiah Pomeroy to do the mason work on two houses on laid belonging to said Pomeroy, in Springfield, the work to be completed the ensuing season. The payments were to be made in annual instalments of $100 each, computing from the time the work aforesaid should be completed.

During the summer and early fall of 1845, McClallan laid the stone and brick foundations and cellar walls of the houses; said work amounting, at the rates named in the contract, to

$302. In consequence of some delay in obtaining lumber, the houses were not completéd, so as to be ready for the construction of the chimneys and for the plastering until some time in the winter of 1845–6. As soon as the work was sufficiently advanced for the purpose, McClallan proceeded to build the chimneys and to do the lathing and plastering. The amount of this work, at the rates named in the contract, was $407.60, making in all for the mason work done by McClallan $709.60. McClallan's work was completed on or about May 1, 1846. Said Pomeroy conveyed the land on which said houses were built, to the other respondents, Smith and Granger, on the 24th December, 1846.

If upon these facts the petition could be maintained, the case was to stand for trial, otherwise to be dismissed.

*J. Wells,* for the petitioner. 1. The case stands upon the same rights and equities as though Pomeroy alone were defending. 2. The contract was never changed by a new agreement. The work was done under and " by " the contract that was recorded. 3. The delay was occasioned by Pomeroy and the respondents; and it is well settled that he who prevents the performance of a condition or contract, shall not take advantage of its non-performance. *Frazier* v. *Cushman,* 12 Mass. 277; *Fleming* v. *Gilbert,* 3 Johns. 528; *Smith* v. *Gugerty,* 4 Barb. 614; *Williams* v. *Bank of United States,* 2 Pet. 102. 4. The subsequent performance was assented to and accepted by Pomeroy and the respondents. 5. A postponement of the time of performance, assented to, leaves the original contract in full force, and if the work is claimed or done afterwards, it is under and by the contract. *Baker* v. *Muir,* 12 Mass. 121. 6. Such subsequent performance, assented to and accepted, is a good and sufficient performance of the contract, and may be availed of as such. *Flagg* v. *Dryden,* 7 Pick. 52, 54; *Kirby* v. *Tead,* 13 Met. 149; *Aiken* v. *Bloodgood,* 12 Ala. 221; *Cassady* v. *Clarke,* 2 Eng. 123; *Smith* v. *Gugerty,* 4 Barb. 614.

*H. Morris & A. L. Soule,* for the respondents. The lien attached only for the work done in the year 1845, and was lost because the petition was not filed within six months from

McClallan *v.* Smith & others.

the time the last instalment under the original contract fell due. Rev. Sts. *c.* 117.

MERRICK, J. The contract by which a lien was created on the land described in the petition, is dated the 30th day of May, 1845. By its terms the petitioner engaged to do all the work mentioned and described in it, during the then ensuing season. He did only a part of it within that time. But he was not thereby guilty of any default, because he was prevented from fulfilling his engagement by the failure of the owner of the land to perform his part of the contract. He was therefore entitled to receive a just and reasonable compensation for the work which he had done, in proportion to the price stipulated to be paid for the whole. And upon a proper application to the court, his claim would have been adjusted upon that basis, and his lien upon the land to that extent established and enforced. Rev. Sts. *c.* 117, § 13.

But the lien extended no further. It stood as an authorized and legal security for whatever was due on account of labor performed in conformity to the requirements and obligations of the contract, but not for what was subsequently earned under it, after a modification or change of its provisions by a new and later arrangement. The right to impose such an incumbrance upon the land is given by the statute and is limited by it. And the incumbrance can exist only when, and as far as, the conditions it prescribes are complied with. It declares that every person who shall by contract with the owner of land furnish labor or materials for building, or repairing a building upon it, shall have a lien upon the whole piece of land for the amount which is due him therefor. But it is expressly provided that no lien shall attach, unless the contract is in writing, and signed by the owner of the land, and is duly recorded. §§ 1, 2. The record, which is thus made an indispensable condition of its existence and validity, by a necessary implication, limits and determines its effect and consequences, and makes the contract, which sustains it, unalterable by the parties. When it is thus legally established, it secures the laborer for whatever he earns in the faithful performance of the obligations he has assumed. But there

must be a strict adherence to the contract. The lien cannot be maintained, if the service, instead of being rendered in accordance with its terms, as it is written and recorded, is only in conformity to its stipulations as they have been varied, modified, and changed by a subsequent parol agreement. If the parties desire to make alteration and changes in those stipulations, and still to continue an incumbrance upon the land, they must effect their purpose by a new contract, which will of itself amount to a new lien; and they can do it in no other way. *Hilliard* v. *Allen,* 4 Cush. 532.

There is, therefore, an insuperable objection to the maintenance of this petition. The original contract was only partially performed, and no new lien was ever created. At the close of the season, when the petitioner should have completed his work, it was still unfinished and incomplete. The land was then conveyed by Pomeroy to the other respondents, Smith and Granger. They took and held it subject to an incumbrance which lawfully existed upon it in favor of the petitioner. But as no suit was commenced within six months from the time when the last instalment of what would have been due to him, upon a legal adjustment of his claim, became payable, the lien was dissolved, and so the land discharged from the incumbrance; § 3. This petition must therefore be dismissed. *Petition dismissed.*